UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ANN MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE H. MARTINEZ, MAYRA GARCIA,<br><br>Defendants. | Case No. 1:17-cv-01461-LJO-EPG<br><br>ORDER STRIKING AND SEALING DOCUMENTS CONTAINING IMPROPER MATERIAL AND GRANTING LEAVE TO RE-FILE<br><br>(ECF No. 1) |

Plaintiff Michelle Ann Martinez, appearing *pro se*, filed a Complaint on October 30, 2017. (ECF No. 1). The Court has reviewed the Complaint and finds that it: A) improperly contains private identifying information concerning minors, and B) likely was improperly filed in federal court instead of state court. Plaintiff may amend re-file the complaint as a "First Amended Complaint." However, before doing so, she should first take note of the two issues identified in this Order.

**A. Improper Identifying Information Concerning a Minor**

Federal Rule of Civil Procedure 5.2 provides:

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and
> > (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). Furthermore, the Local Rules of this Court further provide that:

> (a) Privacy In General. Except as set forth below, pursuant to the Judicial Conference Policy on Privacy and Electronic Access to Case Files, and the EGovernment Act of 2002, Pub. L. No. 107-347, effective April 16, 2003, when filing documents, counsel and the Court shall omit or, where reference is

1

necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise:
> (i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document;
> (ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
> (iii) Social Security numbers: Use only the last four numbers;
> (iv) Dates of birth: Use only the year;
> (v) Home addresses in criminal actions only; use only the city and state; and
> (vi) All other circumstances: Redact when federal law requires redaction.

CAED-LR 140.

Plaintiff is advised that she is held to the same standards as professional attorneys in filing documents with the court. All rules apply equally to them irrespective of her *pro se* status.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court hereby STRIKES the Complaint (ECF No. 1) from the docket and directs Plaintiffs to re-file a "First Amended Complaint" in manner that complies with the rules of this Court within 14 days.

Failure to follow the directives of this order will result in dismissal of this action.

For the protection of the minors, the Clerk is directed to place the complaint (ECF No. 1) under seal.

**B. Lack of Subject Matter Jurisdiction**

In deciding whether to file a First Amended Complaint, Plaintiff should be aware that it appears that from the Court's initial examination that the federal court system would lack subject matter jurisdiction over her claims.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the

existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, the Complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Plaintiff's claims are state claims and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*., *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

As an initial matter, Plaintiff do not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). Moreover, Plaintiff resides in

California and the Defendants also all appear to be citizens of California. Thus, diversity jurisdiction does not exist. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Accordingly, it appears that the Court would lack subject matter jurisdiction over the claims in the Complaint. It appears that the claims are more properly suited for filing in the state court system (courts of general jurisdiction). Thus, Plaintiff may elect to file a notice of dismissal of this action instead of filing a First Amended Complaint and then re-file her case in state court.

IT IS SO ORDERED.

Dated: **November 2, 2017**        /s/ *Erin P. Group*
UNITED STATES MAGISTRATE JUDGE